THE STATE, THE MAYOR AND ALDERMEN OF JERSEY CITY, PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY.

A resolution by the board of freeholders to purchase lands under the act of 1887 (*Pamph. L.,* p. 201) set aside the price agreed to be paid, being so excessive as to show that the resolution is in fraud of the said act, and not a legal exercise of the power conferred by it.

---

On *certiorari.*

Argued at February Term, 1891, before Justices DEPUE,. VAN SYCKEL and SCUDDER.

For the plaintiffs, *William D. Edwards.*

For the defendants, *John A. McGrath* and *Gilbert Collins.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The purpose of this litigation is to set aside a resolution passed by the board of chosen freeholders of the county of Hudson, January 5th, 1891, to purchase of Horace K. Thurber nine and twenty-eight one-hundredths acres of land on Snake Hill for the sum of $40,000, and to purchase of Abel I. Smith thirteen and one-half acres for the sum of $65,000.

The power to purchase these lands is conferred by an act of the legislature, passed April 21st, 1887.   *Pamph. L., p.* 201.

The second section of the act provides that it shall be lawful for the freeholders to make "a contract or contracts of purchase of such land with the owner or owners thereof upon such terms and conditions as to such board shall seem best and most advantageous to the interest of such county."

Section third gives the board power of condemnation in case of failure to agree with the owner.

The price agreed to be paid for the Thurber tract is over $4,300 per acre, and for the Smith tract over $4,800 per acre.

The real estate agents produced by the prosecutors say that the outside value of these lands is between $1,000 and $2,000 per acre.   The witness on the part of the defendants, who gives the highest estimate, fixes the value at from $3,500 to $4.000 per acre.

An effort was made on the part of the defendants to swell the value of these lands by computing what the stone would produce which may be quarried from these lands in the course of years.   Calculations made upon such a basis are manifestly unreliable.   The accumulation of the interest account during the long period that will elapse before the rock can be put

upon the market and the uncertainty as to the character of the rock, the cost of production and the market price in competition with other quarries, render such computations in the highest degree misleading.

It also appears in evidence that Mr. Thurber, in December, 1890, offered to sell his tract for $18,000. The defendants say this offer was for part and not the whole of the Thurber tract, but we cannot fail to observe that Mr. Thurber was not put upon the stand to verify this contention.

It is equally noticeable that the defendants have not been able to procure a witness who can testify that these lands are worth over $3,500 or $4,000 per acre, while they have resolved to give a much higher price for them.

According to the case as presented to us, there is no conflict of testimony that the price agreed to be paid is not only many thousands of dollars in excess of that for which the property was offered in the market by the vendors about thirty days before the resolution in question was passed, but also largely in excess of the value any witness who could be produced would put upon it.

In ordinary cases this court would not undertake to substitute its opinion as to values for that of the constituted authorities to whose judgment the people have chosen to commit the conduct of their affairs. The evils which flow from the incompetency of those to whom the public concerns are entrusted, or from their lack of wisdom or judgment, must commonly be redressed by an appeal to the ballot to secure their removal from office. Where the common law prevails they are not, under ordinary circumstances, the subject of judicial supervision. But the supervisory power of this court may be invoked where the authority to make the engagement is not exercised in accordance with the legislation conferring it.

In this instance the legislative act imposed upon the defendants the duty to exercise a reasonable discretion in making the purchase, and, to prevent injustice to the county, provided the right of condemnation.

The prices agreed to be paid are so excessive that we feel impelled to the conclusion that the resolution certified is in fraud of the act of 1887, and not a legal exercise of the power conferred by it.

The proceedings below should be set aside, with costs.